UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABB, INC., | ) | CASE NO. 2:09-CV-00171 |
| | ) | |
| Plaintiff | ) | JUDGE EDMUND A. SARGUS |
| | ) | |
| vs. | ) | Magistrate Judge Mark R. Abel |
| | ) | |
| INDUSTRIAL MAINTENANCE | ) | |
| SERVICES, INC., et al., | ) | **STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| Defendants | ) | |

IT IS HEREBY STIPULATED and agreed by and between counsel for Plaintiff ABB, Inc. ("ABB") and Defendants Industrial Maintenance Services, Inc. ("IMS") and Process Control Systems International ("PCSI") (collectively, "Defendants") that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

1. This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by any party in response to informal discovery requests, and testimony adduced at trial, matters in evidence and computerized records (collectively, "Records"), including information contained in such Records, which the disclosing party designates as "Confidential" or "Restricted" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2. In designating Records as "Confidential" or "Restricted," a party shall make such a designation of "Confidential" or "Restricted" only for Records which that party in good faith believes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. For a designation of Records as "Restricted," the party must additionally believe in good faith that the Records must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below. Confidential and Restricted Records and the information contained therein shall be used solely for the purpose of conducting this litigation and not for any other purpose.

3. Records designated as "Confidential" may be disclosed only to the following persons:

    a. the attorneys working on this action on behalf of any party, including in-house attorneys;

    b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

    c. any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

    d. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

2

e. any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the Records confidential; and

f. the Court.

4. Records designated as "Restricted" may be disclosed only to the following persons:

a. the attorneys working on this action on behalf of any party, including in-house attorneys;

b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

c. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d. any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the Records confidential; and

e. the Court.

5. The persons described in paragraphs 3(d) and 4(c) shall have access to the Confidential or Restricted Records and information once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "Acknowledgment." A list shall be prepared by counsel for the parties hereto of the names of all such persons to whom Confidential or Restricted Records is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for

3

inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to the Confidential and Restricted Records and information pursuant to the terms of this Order without signing a copy of the annexed "Acknowledgement." Similar but separate lists shall also be prepared with respect to Confidential or Restricted Records and/or information provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving Confidential or Restricted Records and/or information are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6. Each individual who receives any Confidential or Restricted Records or information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7. The recipient of any Confidential or Restricted Records and/or information that is provided under this Order shall maintain such Records and/or information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such Records and/or information as is exercised by the recipient with respect to its own proprietary information.

8. Parties shall designate Confidential or Restricted Records as follows:

a. In the case of Records produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such Record prior to production: "Confidential" or "Restricted." In the event that a party

4

10. The Clerk of the Court is directed to maintain under seal all Records and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as "Confidential" or "Restricted," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such Records. The person filing such Records shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

11. In the event that any Confidential or Restricted Record and/or information is used in any court proceedings in connection with this litigation, it shall not lose its Confidential or Restricted status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. Nothing in this Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any Records not obtained in this lawsuit, if such Records are lawfully obtained from a third party, even though the same Records may have been produced in discovery in this lawsuit and designated as "Confidential" or "Restricted."

13. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing Records designated as "Confidential" or "Restricted" to an individual who either prepared or reviewed the Records prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, Records from the party's own files which the party itself has designated as "Confidential" or "Restricted."

14. Within sixty (60) days of the termination of litigation between the parties, all Confidential and Restricted Records and information, and all copies thereof, except such copies

6

which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it or shall be destroyed.

15. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

16. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 16, inclusive hereof.

IT IS SO STIPULATED.

Dated: September 21, 2009

s/ *R. Bruce Barze, Jr.*
R. Bruce Barze, Jr. (admitted *pro hac vice*)
M. Jefferson Starling III (admitted *pro hac vice*)
BALCH & BINGHAM LLP
P.O. Box 306
Birmingham, Alabama 35201-0306
Tel: (205) 251-8100
Fax: (205) 488-5706
bbarze@balch.com
jstarling@balch.com

Attorneys for Plaintiff
ABB, Inc.

Dated: September 21, 2009

s/ *Robert E. Chudakoff*
Robert E. Chudakoff (0038594), Trial Attorney
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street – Suite 1100
Cleveland, Ohio 44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
rchudakoff@ulmer.com

Attorney for Defendant
Process Control Systems International

Dated: September 21, 2009

s/ *Scott J. Stitt*
Scott J. Stitt (0073943), Trial Attorney
JAMES E. ARNOLD & ASSOCIATES, LPA
115 West Main Street, Fourth Floor
Columbus, Ohio 43215
Tel: (614) 460-1600
Fax: (614) 469-1066
sstitt@arnlaw.com

Attorney for Defendant
Industrial Maintenance Services, Inc.

IT IS SO ORDERED.

Dated: 9-22- , 2009

EDMUND A. SARGUS
United States District Chief Judge

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order which was entered by the Court on _____, 2009, in <u>ABB, Inc. v. Industrial Maintenance Services, Inc., et al.</u>, Case No 2:09-CV-00171, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of Records designated Confidential or Restricted by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Southern District of Ohio for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated: _____, 20___.